IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF TEXAS
McALLEN DIVISION

|  |  |  |
|---|---|---|
| **GUIDEONE NATIONAL INSURANCE COMPANY** | * * * * | **CIVIL ACTION NO:** 20-118 |
| **VERSUS** | * * | **JUDGE:** |
| **LGD MANAGEMENT, LP; LEGEND RGV MCALLEN, LP, D/B/A MCALLEN TRANSITIONAL CARE CENTER; and ELIZABETH CAVAZOS** | * * * * * | **MAG.:** |
|  | * | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DECLARATORY JUDGMENT
AND DAMAGES**

   **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, GuideOne National Insurance Company ("GuideOne"), an insurance company organized under the laws of the State of Iowa and with its principal place of business in Des Moines, IA, and asserts the following claims for declaratory judgment and damages against the defendants named herein:

   **I.   Parties Defendant**

   1.

Made defendants herein are the following Limited Partnerships:

   a. LGD Management, LP, a limited partnership organized under the laws of the State of Texas and with its principal place of business located at 608 Sandau Road, San Antonio, Texas.  LGD Management, LP's General Partner is LGD Management GP, Inc., a Texas Corporation also with its principal place of business located at 608 Sandau Road, San Antonio, Texas.  According to the records of the Texas Secretary of State, LGD Management's only other member is The Wind River Associates, a

Utah Limited Liability Company which also has its principal place of business at 608 Sandau Road, San Antonio, Texas. The Texas Secretary of State's records further indicate that the members of The Wind River Associates, LLC are:

    a. Clinton Preston, CEO, 608 Sandau Road, San Antonio, Texas;

    b. Thomas Martin Tomerlin, COO/President, 608 Sandau Road, San Antonio, Texas;

    c. Dwight Muse, CFO, 608 Sandau Road, San Antonio, Texas; and

    d. Chris Goldstraw, 608 Sandau Road, San Antonio, Texas.

b. Legend RGV McAllen, LP, d/b/a McAllen Transitional Care Center, a limited partnership organized under the laws of the State of Texas with its principal place of business at 608 Sandau Road, San Antonio, Texas. Legend RGV McAllen's general partner is RGV Healthcare Associates, Inc., a Texas corporation with its principal place of business located at 608 Sandau Road, San Antonio, Texas. According to the records of the Texas Secretary of State, Legend RGV McAllen's only other member is The Wind River Associates, a Utah Limited Liability Company which also has its principal place of business at 608 Sandau Road, San Antonio, Texas. The Texas Secretary of State's records further indicate that the members of The Wind River Associates, LLC are:

    a. Clinton Preston, CEO, 608 Sandau Road, San Antonio, Texas;

    b. Thomas Martin Tomerlin, COO/President, 608 Sandau Road, San Antonio, Texas;

    c. Dwight Muse, CFO, 608 Sandau Road, San Antonio, Texas; and

  d. Chris Goldstraw, 608 Sandau Road, San Antonio, Texas.

 c. Elizabeth Cavazos, a person of the full age of majority who is a resident of Hidalgo County, Texas.

## II. Jurisdiction and Venue

2.

The claims asserted in this action arise out of and are related to claims asserted by certain Plaintiffs and Intervenors in an underlying lawsuit styled *Elvira Salinas, et al. v. Elizabeth Cavazos AND Legend RGV McAllen, LP d/b/a McAllen Transitional Care Center*, CA No. C-1670-16-C, which is pending in the 139th Judicial District Court of Hidalgo County, Texas ("the Underlying Suit").

3.

This Honorable Court is a proper venue for the claims asserted herein under 28 U.S.C. §1391(b)(1) because one of the defendants named herein, Elizabeth Cavazos, resides within the territorial jurisdiction of this Court.  This Court is also a proper venue for the claims asserted herein under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

4.

The Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because the suit involves a controversy over insurance coverage in an amount that exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  For purposes of diversity jurisdiction, GuideOne is a citizen of the State of Iowa while all the defendants are citizens of the State of Texas.

5.

The Court also has jurisdiction to enter the requested declaratory judgment under 28 U.S.C. §2201 because this case involves a matter of actual controversy within the jurisdiction of this Court.

### III.     Underlying Lawsuit and Insurance Policy

6.

The Plaintiffs and Intervenors filed the Underlying Suit on or about March 16, 2017. They allege in the Underlying Suit that they are all current or former employees of Defendant Legend RGV McAllen, LP, d/b/a McAllen Transitional Care Center.

7.

The Plaintiffs and Intervenors assert that, on or about March 8, 2016, Elizabeth Cavazos—who was also an employee of Legend RGV McAllen, LP—disclosed the Plaintiffs' and Intervenors' personal and financial information including, *inter alia,* social security numbers, personal identifying information, and W-2 Forms that the Plaintiffs and Intervenors had given to Legend RGV McAllen, LP in connection with the Plaintiffs' and Intervenors' employment by Legend RGV McAllen, LP at the McAllen Transitional Care Center.

8.

The Plaintiffs and Intervenors in the Underlying Suit further assert that, as a result of Cavazos' and Legend RGV's actions and failure to protect the Plaintiffs' and Intervenors' private personal and financial information and data, that information was misused by unknown persons and has caused the Plaintiffs and Intervenors to suffer various, unspecified injuries and damages.

9.

GuideOne issued a commercial general liability insurance policy to LGD Management, LP under Policy No. CC1-530000284 for the Policy Period June 15, 2015 through June 15, 2016 ("the Policy").

10.

The Policy is a written contract of insurance that is subject to certain terms, conditions, limitations, exclusions, and endorsements contained within the contract document.

11.

The Policy provides coverage up to a limit of $1,000,000 per occurrence and $3,000,000 in the general aggregate. In addition to those limits, the Policy includes a provision through which GuideOne is obligated to pay the costs and attorneys' fees incurred in connection with defending the insured against a lawsuit such as the Underlying Suit at issue in this case.

12.

GuideOne informed its insured that GuideOne reserved all its rights under the Policy and Texas law, including the right to deny coverage on or about April 11, 2017. GuideOne provided the insured with a defense through counsel paid by GuideOne subject to the reservation of rights.

13.

Since it issued the reservation of rights letter in April 2017, GuideOne has continued to investigate the facts asserted by the Plaintiffs and Intervenors in the Underlying Suit.

14.

Based on its investigation, GuideOne has determined that the Policy does not provide coverage to LGD Management, LP, Legend RGV McAllen, LP, or Elizabeth Cavazos for any of the claims asserted against them in the Underlying Suit.

15.

GuideOne informed its insured on March 6, 2020 that, based on its investigation, GuideOne disclaims coverage for all of the claims asserted in the Underlying Suit. GuideOne also informed the insured at that time that GuideOne would withdraw from the defense of the insured effective May 8, 2020 and respectfully suggested to the insured that the insured should take appropriate steps to protect its interests after that date as a prudent uninsured.

16.

The insured has contested GuideOne's coverage determination, rejected GuideOne's disclaimer of coverage, and demanded that GuideOne continue to provide the insured with a defense against the allegations of the Underlying Suit beyond the May 8, 2020 deadline. There is, therefore, an actual controversy between the parties with respect to the coverage provided under the Policy and with respect to who is responsible for the costs of defending the insured against the Underlying Law Suit after May 8, 2020. GuideOne seeks to resolve those disputes in this action and, to the extent that GuideOne pays defense costs after May 8, 2020 that are not owed under the terms of the Policy, GuideOne seeks to recover those costs from its insured(s).

### IV. Count I—Declaratory Relief

17.

GuideOne reasserts and realleges all the facts asserted in paragraphs 1 through 16 of this Complaint.

18.

The Policy's insuring agreement for Coverage A. Bodily Injury and Property Damage Liability provides:
> We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this Coverage applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages".

> However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this Coverage does not apply. * * *

19.

"Bodily Injury" is defined under the policy to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Property Damage" is defined to mean, "Physical injury to tangible property, including all resulting loss of use of that property…; or Loss of use of tangible property that is not physically injured." Moreover, "damages" is defined within Section IV of the Policy to mean, "only those compensatory tort damages allowed by law."

20.

Additionally, the Policy specifically says that, "[f]or purposes of this insurance, electronic data is not tangible property."

21.

The Underlying suit does not allege facts that constitute "bodily injury" or "property damage" as those terms are defined in the Policy. There is no allegation that any of the Plaintiffs or Intervenors suffered or were treated for any sickness, disease, or death as a result of the data breach, and there are no other allegations that one could fairly construe a bodily injuries. It also does not present an indication that the Plaintiffs or Intervenors have suffered "property damage" that is covered under Coverage A of the Policy.

22.

Because the Underlying Suit does not involve a claim for "bodily injury" or "property damage" within the definition of those terms under Coverage A of the Policy, GuideOne is entitled to a declaratory judgment that no coverage is owed under Coverage A of the Policy and

that GuideOne has no obligation to pay for a defense or indemnity of the insured under that portion of the Policy.

23.

The Policy also provides coverage for "personal and advertising injury liability" under Coverage B.  The insuring agreement for that coverage provides:

> We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "personal and advertising injury" to which this Coverage applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages".  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "personal and advertising injury" to which this Coverage does not apply.

24.

The definitions contained in the Policy define "Personal and Advertising Injury" to mean:

> injury, including consequential "bodily injury",
> arising out of one or more of the following offenses:
> **a.** False arrest, detention or imprisonment;
> **b.** Malicious prosecution;
> **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private
> occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
> **f.** The use of another's advertising idea in your "advertisement";
> **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".
> **h.** Wrongful acts, errors or omissions resulting from counseling services…

25.

Coverage B is subject to an Employer's Liability Exclusion. That exclusion precludes coverage for:

> "Personal and advertising injury" to:
> **(1)** An "employee" of the insured arising out of and in the course of:
> **(a)** Employment by the insured; or
> **(b)** Performing duties related to the conduct of the insured's business; or
> * * *
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury.

26.

The Personal and Advertising Injury coverage is also subject to an Employment Related Practices Exclusion contained in the "Additional Exclusions—Coverages A, B And C" provision of the Policy. The Employment Related Practices exclusion precludes coverage for, "[a]ny liability arising out of any 'employment related practices.'" The Policy defines "employment related practices" to mean, the refusal to employ; termination of employment or breach of any express or implied covenants of employment; or coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or other practices, policies, acts or omissions, related to employment.

27.

Cavazos' disclosure of her fellow employee's personal and financial information was a response to a "routine employment inquiry" in the sense that she received an email she believed was from the company's CEO. The email asked her to provide the CEO with tax information including W-2 forms for employees of the McAllen Transitional Care Center as part of a routine evaluation of their employment status, wages, hours, and pay.

28.

The facts of the Underlying Suit, therefore, indicate that all the Plaintiffs' and Intervenors' alleged damages arise out of acts or omissions related to their employment by Legend RGV McAllen and by practices, acts, or omissions that Cavazos and Legend RGV McAllen committed related to that employment.  Cavazos and Legend RGV McAllen were only able to disclose the Plaintiffs' and Intervenors' personal and financial information to a third party because the Plaintiffs and Intervenors were current or former employees of the insured.  Moreover, the information was released as a result of an act, omission, or practice related to their employment because it was released in response to a routine inquiry seeking that information about current and former employees of the insured.

29.

The Policy specifically precludes coverage for personal and advertising injury damages arising out of or related to employment and, as a result, no coverage is owed under the terms of Coverage B of the Policy.  GuideOne is entitled to a declaratory judgment that no coverage is owed under Coverage B and that GuideOne has no obligation to pay for a defense or indemnity of the insured under that portion of the Policy.

30.

GuideOne also seeks a declaration that Elizabeth Cavazos is not entitled to coverage, including either a defense or indemnity, against the Underlying Suit.

31.

Section II—Who is an Insured of the Policy provides that the insured's employees are also insureds for acts within the scope of their employment by the insured or while performing duties related to the conduct of the insured's business.

32.

However, the Who is an Insured provision also provides that employees are *not insureds* for "bodily injury" or "personal and advertising injury" to a co-employee while in the course and scope of his or her employment or while performing duties related to the insured's business.

33.

To the extent that he claims asserted in the Underlying Suit are claims for "personal and advertising injury" as that term is defined in the Policy, no coverage is owed for those claims.

34.

The allegations and discovery in the Underlying Suit all support the conclusion that the injuries were sustained by Cavazos' fellow employees, even if they were not working for Legend RGV McAllen at the exact moment of the alleged disclosure.  Thus, Cavazos is not an insured under the Policy and is not entitled to a defense or indemnity in response to the claims asserted in the Underlying Suit.

35.

GuideOne is, therefore, also entitled to a declaratory judgment that Elizabeth Cavazos is not an insured for purposes of the claims raised in the Underlying Suit and is not entitled to a defense or indemnity under the terms of the Policy.

V. **Count II—Damages and Recovery of Defense Costs**

36.

GuideOne reasserts and realleges all the facts asserted in the preceding paragraphs of this Complaint.

37.

GuideOne has provided the insured with a defense in response to the allegations of the Underlying Suit, subject to a reservation of rights under the Policy and Texas law.

38.

GuideOne informed the insured on or about March 6, 2020 that no coverage is owed for the claims in the Underlying Suit under the terms of the Policy and that, as a result, GuideOne would withdraw from the defense of the insured, effective May 8, 2020.

39.

Because the insured has resisted GuideOne's position, GuideOne has elected to continue defending the insured during the pendency of this suit for declaratory judgment even though the amount paid for that defense may not be owed under the terms of the GuideOne Policy.

40.

To the extent that GuideOne prevails in this action, and obtains a declaratory judgment that no coverage is owed to the insured for any of the claims asserted in the Underlying Suit, GuideOne will incur damages in the amount of defense costs that it pays in a good faith effort to protect the insured's interests from May 9, 2020 forward.

41.

GuideOne asserts that it is entitled to recover those damages from the insured and seeks a judgment in its favor in an amount to be shown at trial of this matter.

**WHEREFORE,** GuideOne prays that, after the Defendants are cited and summoned to appear and due proceedings are had, there will be judgment in favor of GuideOne declaring that no coverage is owed under the Policy and further awarding GuideOne damages in an amount to be proven at trial.

Respectfully submitted,

*/S Christopher R. Teske*

_____
Christopher R. Teske (Texas Bar No.24081556)
Catherine F. Giarrusso (Texas Bar No. 24036582)
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
Email: cteske@pipesmiles.com
Email: cgiarrusso@pipesmiles.com
*ATTORNEYS FOR PLAINTIFF, GUIDEONE NATIONAL INSURANCE COMPANY*